[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15616
Non-Argument Calendar

_____

D. C. Docket No. 03-00257-CV-5-MMP-EMT

MICHAEL ANDERSON,

Petitioner-Appellant,

versus

AL SOLOMAN,
Warden,
CHARLIE CRIST,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 9, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Michael Anderson appeals pro se the denial of his petition for writ of habeas corpus. The district court granted a certificate of appealability on the issue of whether Anderson "was afforded an adequate opportunity to present his witnesses at the disciplinary hearing." Because we find Anderson failed to show the decision of the state court was "contrary to" or "an unreasonable application of" Supreme Court precedent, 28 U.S.C. § 2254(d)(1), we affirm.

On July 15, 2002, Anderson, a prisoner of the state of Florida, was issued a disciplinary report for disobeying the verbal order of a corrections officer while on a work assignment. In preparation for his disciplinary hearing, Anderson requested that several witnesses to the incident be interviewed. Before the hearing, corrections officers collected short statements from the inmates identified by Anderson. Several of these statements were favorable to Anderson's defense that the corrections officers singled him out, but others supported the officers' position. At the disciplinary hearing, Anderson was found guilty of the charge. As punishment, Anderson received 30 days of disciplinary confinement, and he forfeited 30 days of "gain time."

Anderson filed a petition for a writ of mandamus in Florida state court that sought to invalidate the decision of the disciplinary board and to restore his gain

time. Among other things, Anderson argued that the prison officials denied him the opportunity to interview witnesses because the officers who collected the statements "harassed and/or hurried" the witnesses. Anderson alleged that the corrections officers watched over the witnesses while they wrote their statements, made comments to them about what they wrote down, and limited their statements to two or three sentences. The state court denied Anderson's petition, and a Florida appellate court affirmed.

Anderson then filed this petition for writ of habeas corpus in federal district court. The magistrate judge found that the procedures used by the corrections officers to collect statements satisfied the requirements of Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963 (1974). Anderson objected on the ground that the state court failed to apply Ponte v. Real, 471 U.S. 491, 105 S. Ct. 2192 (1985), but the district court adopted the findings of the magistrate judge. The district court granted Anderson a certificate of appealability on the question whether the allegedly inadequate procedure for taking witness statements violated Ponte.

When reviewing the denial of a petition for writ of habeas corpus, we review "the district court's findings of fact for clear error and its legal conclusions and mixed questions of law and fact de novo." Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002) (quoting Fugate v. Head, 261 F.3d 1206, 1215 (11th Cir. 2001)).

3

Under the Antiterrorism and Effective Death Penalty Act, a writ of habeas corpus may not issue unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Anderson argues that, because the state court failed to apply Ponte, its decision was "contrary to" or "an unreasonable application of" Supreme Court precedent. We disagree.

Ponte does not govern this appeal. In Ponte, the prisoner called several witnesses to testify at his disciplinary hearing, but the board "declined to call" all but one of those witnesses. 471 U.S. at 493, 105 S. Ct. at 2194. The Court held that "prison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify." Id. at 497, 105 S. Ct. at 2196 (emphasis added).

In this appeal, Anderson was not denied the opportunity to call witnesses. As Anderson concedes, statements were taken from several witnesses at his request, and these statements were considered as evidence at his disciplinary hearing. Several of these statements were favorable to his defense. The decision

4

of the Florida courts that Anderson had not been denied due process was not an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d); Hawkins v. Alabama, 318 F.3d 1302, 1306-07 n.3 (11th Cir. 2003). The order of the district court that denied Anderson's petition for writ of habeas corpus is

**AFFIRMED**.